IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor by assignment to ATLANTIC SOUTHERN BANK,<br><br>    Plaintiff,<br><br>v.<br><br>JSD - SOUTH LAND RESOURCES, LLC a/k/a JSD SOUTHLAND RESOURCES LLC a/k/a JSD SOUTH LAND RESOURCES, LLC; SOUTHLAND APPRAISALS, INC.; and J. SIDNEY DUMAS a/k/a J. SID DUMAS,<br><br>    Defendants. | )<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff CertusBank, N.A. ("CertusBank"), as successor by assignment to Atlantic Southern Bank ("Atlantic Southern") hereby files this Complaint (the "Complaint"), for damages against Defendants JSD – South Land Resources, LLC a/k/a JSD Southland Resources LLC a/k/a JSD South Land Resources, LLC ("JSD"), Southland Appraisals, Inc. ("Southland"), and J. Sidney Dumas a/k/a Sid Dumas ("Dumas", and together with Southland, the "Guarantors")(hereinafter, JSD, Southland, and Dumas shall be collectively referred to as the "Defendants"), showing the Court as follows:

### Jurisdictional Allegations

1. Plaintiff CertusBank is a national banking association, with its principal place of business located in South Carolina.

2. Defendant JSD is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at P.O. Box 2688, Macon, Georgia 31203.

1

3. JSD is a citizen of every state in which each and every one of its members and layers of members is a citizen.

4. None of the members of JSD, or layers of members of JSD, are domiciled in the State of South Carolina.

5. None of the members of JSD, or layers of members of JSD, are citizens of the State of South Carolina.

6. JSD may be served through its registered agent, J. Sidney Dumas, at 864 Wimbledon Court, Macon, Georgia 31210, or such other address where it may be found.

7. Defendant Southland is a corporation organized under the laws of the State of Georgia, with its principal place of business at 864 Wimbledon Court, Macon, Georgia 31210.

8. Southland is a citizen of every state in which each and every one of its members is a citizen.

9. None of the members of Southland, or layers of members of Southland, are domiciled in the State of South Carolina.

10. None of the members of Southland, or layers of members of Southland, are citizens of the State of South Carolina.

11. Southland may be served through its registered agent, J. Sidney Dumas, at 864 Wimbledon Court, Macon, Georgia 31210, or such other address where it may be found.

12. Defendant Dumas is a citizen of the State of Georgia.

13. Dumas may be served at 864 Wimbledon Court, Macon, Georgia 31210, or such other address where he may be found.

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds

$75,000.00.

15. Venue is appropriate in the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391(a) and LR 3, M.D. Ga.

## Facts

A. **Note 1- Loan No. 401177500**

1. On or about May 18, 2011, JSD, through its manager Dumas, executed and delivered to Atlantic Southern a certain *Promissory Note* in favor of Atlantic Southern, in the principal amount of $405,250.00 (as amended and/or modified from time to time, "Note 1").

2. A true and correct copy of Note 1 is attached hereto as Exhibit A and incorporated herein by this reference.

3. On or about May 18, 2011, Southland executed that certain *Guaranty* (the "Southland Guaranty"), pursuant to which Southland absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by JSD to Atlantic Southern under Note 1, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 1 Loan Documents").

4. A true and correct copy of the Southland Guaranty is attached hereto as Exhibit B and incorporated herein by this reference.

5. On or about May 18, 2011, Dumas executed that certain *Guaranty* (the "Dumas Guaranty 1", and together with the Southland Guaranty, collectively, the "Guaranties 1"), pursuant to which Dumas absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by JSD to Atlantic Southern under Note 1 and the Note 1 Loan Documents.

6. A true and correct copy of the Dumas Guaranty 1 is attached hereto as Exhibit C

and incorporated herein by this reference.

7. CertusBank is the current holder of the Note, the Guaranties 1, and related Note 1 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

8. JSD defaulted under Note 1 by failing to make payments as and when due thereunder.

9. On or about March 1, 2013, Plaintiff, by and through its counsel, sent notice of non-payment and demand for payment under the Note 1 Loan Documents to Defendants JSD, Southland, and Dumas via Certified Mail and regular First Class Mail ("Demand Letter 1").

10. A true and correct copy of Demand Letter 1 is attached hereto as Exhibit D and is incorporated herein by this reference.

11. Note 1 matured on May 18, 2013 (the "Note 1 Maturity Date").

12. As of October 31, 2013, principal, accrued but unpaid interest, and charges outstanding under Note 1 are as follows:

| | |
|---|---|
| Principal: | $ 201,250.00 |
| Interest through 10/31/13: | $ 41,410.00 |
| Charges: | $ 22,876.75 |
| TOTAL: | $ 265,536.75 |

Interest will continue to accrue at the per diem rate of $32.14.

13. The aforementioned outstanding principal, accrued but unpaid interest, and late charges outstanding under Note 1 as of October 31, 2013 are exclusive of costs of collection and attorneys' fees available under the Loan Documents and applicable law.

14. Additional interest, fees, costs and charges shall continue to accrue under Note 1 from October 31, 2013 going forward.

B.  **Note 2- Loan No. 401939000**

15.  On or about March 7, 2011, JSD, through its manager Dumas, executed and delivered to Atlantic Southern a certain *Promissory Note* in favor of Atlantic Southern, in the principal amount of $665,743.99 (as amended and/or modified from time to time, "Note 2")(hereinafter, Note 1 and Note 2 shall be collectively referred to as the "Notes").

16.  A true and correct copy of Note 2 is attached hereto as Exhibit E and incorporated herein by this reference.

17.  On or about March 7, 2011, Dumas executed that certain *Guaranty* (the "Dumas Guaranty 2", and together with "Guaranties 1", collectively, the "Guaranties"), pursuant to which Dumas absolutely and unconditionally guaranteed to Atlantic Southern, *inter alia*, the full and prompt payment when due of all amounts owed by JSD to Atlantic Southern under Note 2 and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 2 Loan Documents")(hereinafter, the Note 1 Loan Documents and the Note 2 Loan Documents shall be collectively referred to as the "Loan Documents").

18.  A true and correct copy of the Dumas Guaranty 2 is attached hereto as Exhibit F and incorporated herein by this reference.

19.  CertusBank is the current holder of Note 2, the Guaranty 2, and related Note 2 Loan Documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

20.  JSD defaulted under Note 2 by failing to make payments as and when due thereunder.

21.  On or about February 6, 2012, Plaintiff, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to, *inter alia,*

Defendants JSD, Southland, and Dumas via Certified Mail and regular First Class Mail ("Demand Letter 2").

22. A true and correct copy of Demand Letter 2 is attached hereto as Exhibit G and is incorporated herein by this reference.

23. Note 2 matured on March 7, 2013 (the "Note 2 Maturity Date").

24. As of October 31, 2013, principal, accrued but unpaid interest, and charges outstanding under Note 2 are as follows:

| | |
|---|---|
| Principal: | $ 280,213.13 |
| Interest through 10/31/13: | $ 83,945.34 |
| Charges: | $ 17,515.14 |
| TOTAL: | $ 381,673.61 |

Interest will continue to accrue at the per diem rate of $42.81.

25. The aforementioned outstanding principal, accrued but unpaid interest, and late charges outstanding under Note 2 as of October 31, 2013 are exclusive of costs of collection and attorneys' fees available under the Loan Documents and applicable law.

26. Additional interest, fees, costs and charges shall continue to accrue under Note 2 from October 31, 2013 going forward.

## Count I

### ACTION ON NOTE 1 AGAINST JSD

16. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

17. Note 1 was executed by JSD.

18. Note 1 is valid and enforceable against JSD.

19. JSD defaulted under the terms of Note 1 and said defaults are continuing.

20. As of October 31, 2013, JSD is indebted to CertusBank under Note 1 in the amount of $265,536.75, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

21. CertusBank is entitled to recover from JSD all amounts due, owing, and accruing under Note 1 and applicable law, including but not limited to $265,536.75 as of October 31, 2013, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

### Count II

### BREACH OF CONTRACT AGAINST JSD UNDER NOTE 1

22. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

23. JSD breached its obligations under Note 1 by failing to make payments as and when due, including, without limitation, full payment upon the Note 1 Maturity Date.

24. As a result of the breaches of contract described above, JSD is liable to CertusBank for the indebtedness due and owing under Note 1, which remains unpaid.

25. CertusBank was damaged as a result of the breaches of contract described above.

26. CertusBank is entitled to recover from JSD all amounts due, owing, and accruing under Note 1 and applicable law, including but not limited to $265,536.75 as of October 31, 2013, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

### Count III

### BREACH OF GUARANTIES OF NOTE 1 AGAINST THE GUARANTORS

27. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

28.     Southland breached the Southland Guaranty by failing to pay all amounts due under Note 1 upon JSD's defaults thereunder.

29.     Dumas breached the Dumas Guaranty 1 by failing to pay all amounts due under Note 1 upon JSD's defaults thereunder.

30.     Pursuant to Section 2 of Guaranties 1, captioned "SPECIFIC AND FUTURE DEBT GUARANTY", the Guarantors each "absolutely and unconditionally…guarant[eed] to [Atlantic Southern] the payment and performance of each and every Debt, of every type, purpose and description" of JSD.

31.     Pursuant to the Southland Guaranty, Southland is liable to CertusBank for the indebtedness due and owing under Note 1, which remains unpaid.

32.     Pursuant to the Dumas Guaranty 1, Dumas is liable to CertusBank for the indebtedness due and owing under Note 1, which remains unpaid.

33.     CertusBank was damaged as a result of the breaches of contract described above.

34.     CertusBank is entitled to recover from the Guarantors, jointly and severally, all amounts due, owing, and accruing under Note 1 and applicable law, including but not limited to $265,536.75 as of October 31, 2013, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

### Count IV

**BREACH OF THE GUARANTIES OF NOTE 2 AGAINST THE GUARANTORS**

35.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

36.     Southland breached the Southland Guaranty by failing to pay all amounts due under Note 2 upon JSD's defaults thereunder.

37. Dumas breached the Dumas Guaranty 2 by failing to pay all amounts due under Note 2 upon JSD's defaults thereunder.

38. Pursuant to Section 2 of the Guaranties, captioned "SPECIFIC AND FUTURE DEBT GUARANTY", the Guarantors each "absolutely and unconditionally…guarant[eed] to [Atlantic Southern] the payment and performance of each and every Debt, of every type, purpose and description" of JSD.

39. Pursuant to the Southland Guaranty, Southland is liable to CertusBank for the indebtedness due and owing under Note 2, which remains unpaid.

40. Pursuant to the Dumas Guaranty 2, Dumas is liable to CertusBank for the indebtedness due and owing under Note 2, which remains unpaid.

41. CertusBank was damaged as a result of the breaches of contract described above.

42. CertusBank is entitled to recover from the Guarantors, jointly and severally, all amounts due, owing, and accruing under Note 2 and applicable law, including but not limited to $381,673.61 as of October 31, 2013, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count V
### ATTORNEYS' FEES AND LITIGATION COSTS
### AGAINST GUARANTORS

43. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

44. As of the date of this Complaint, the Guarantors have failed to pay CertusBank the amounts that remain outstanding under the Notes and the Guaranties.

ATL 19397926v1

45. Section 11 of each of the Guaranties provides, *inter alia*, that CertusBank may recover from the Guarantors its "reasonable attorneys' fees" in its enforcement of the Guaranties and related Loan Documents.

46. Pursuant to O.C.G.A. § 13-1-11, CertusBank hereby makes demand upon the Guarantors for all amounts owing under the Guaranties and hereby provides notice that (i) the provisions relative to payment of attorney's fees in the Guaranties, in addition to the principal and interest owed under the Notes, shall be enforced; (ii) Guarantors shall have ten (10) days from the receipt of this notice to pay the principal and interest outstanding under the Notes without the attorney's fees; and (iii) if the Guarantors pay the principal and interest in full before the expiration of such time, then their respective obligations to pay CertusBank's attorney's fees under the Guaranties shall be void and no court shall enforce the agreement for Guarantors' payment of such attorney's fees.

47. Absent payment of the outstanding principal and interest under the Notes within the time set forth in O.C.G.A. § 13-1-11, the Guaranties, and Georgia law, CertusBank is entitled to recover from the Guarantors, jointly and severally, its attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law.

**WHEREFORE,** CertusBank respectfully requests that the Court enter judgment in favor of CertusBank and against Defendants, jointly and severally, as follows:

(a) As to <u>Count I</u>: Judgment against JSD for action on Note 1 in the total amount of $265,536.75 as of October 31, 2013, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under Note 1 and related Loan Documents;

(b) As to <u>Count II</u>: Judgment against JSD for breach of contract under Note 1 in the total amount of $265,536.75 as of October 31, 2013, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under Note 1 and related Loan Documents;

(c) As to <u>Counts III and IV</u>: Judgment against Southland and Dumas, jointly and severally for breach of their respective and applicable Guaranties of the Notes in the total aggregate amount of $647,210.36 as of October 31, 2013, plus such further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(d) As to <u>Count V</u>: As to Southland and Dumas, jointly and severally, an award of CertusBank's attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law; and

(e) Any and all other relief the Court deems just, equitable and proper.

Dated: October 31, 2013.                               Respectfully submitted,

**/s/ Sean A. Gordon**
Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *Telephone*
(678) 553-2212 *Facsimile*
Email: gordonsa@gtlaw.com

*Attorneys for Plaintiff*